IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DANIEL RAY BAKER**                                                               **PLAINTIFF**
**ADC #600691**

v.                         No: 4:24-cv-00887-KGB-PSH

**JOSEPH KING**, *et al.*                                     **DEFENDANTS**

## ORDER

Plaintiff Daniel Ray Baker filed a motion to correct the title of defendant Corporal John Haywood (Doc. No. 37). His motion is DENIED as moot. The case caption already reflects Haywood's title of Corporal.

Baker's motion for default judgment against defendant Lieutenant Morieon Kelly (Doc. No. 38) is DENIED. Defendant Kelly was served on February 12, 2025, and timely filed an Answer on March 5, 2025. *See* Doc. Nos. 32 & 34. Accordingly, Kelly is not in default. *See* Fed. R. Civ. P. 55.[1]

---

[1] Federal Rule of Civil Procedure 55 contemplates a two-step process for the entry of default judgments. First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *See Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D. Iowa 1995).

Mail sent to Baker has been returned undeliverable with a notation that he is refusing his mail. *See* Doc. No. 35. Baker must accept his mail in order to prosecute this case. If he does not do so, this case may be dismissed for failure to prosecute. *See* Local Rule 5.5(c)(2);[2] *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion). The Clerk of Court is directed to resend copies of Doc. Nos. 24 & 25 to Baker with this Order.

IT IS SO ORDERED this 11th day of March, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 5.5(c)(2) states:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.